UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:15-cv-00085-FDW

| | |
|---|---|
| ROBERT H. JOHNSON, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| DEE ROMINGER, Captain Head ) | |
| of Investigations; JASKA ) | |
| H. ROMINGER, Captain, ) | |
| Watauga County Sheriff's Office; ) | |
| LEN D. HAGAMAN, Watauga ) | |
| County Sheriff's; ) | |
| TOM HUGHES, Director, ) | |
| Watauga County Dep't of ) | |
| Social Services; CHAD SLAGLE, ) | |
| Watauga County Social Services ) ORDER | |
| Supervisor; BETH BERRY, ) | |
| Social Worker, Watauga County ) | |
| Dep't of Social Services; ) | |
| KERI L. TRIPLETT, Social ) | |
| Worker, Watauga County Dep't ) | |
| of Social Services; ) | |
| STACY EGGERS, IV, Social ) | |
| Services Attorney; JESSICA ) | |
| WINEBARGER, Social Worker, ) | |
| Watauga County ) | |
| Dep't of Social Services, ) | |
| ) | |
| Defendants. ) | |
| _____) | |

**THIS MATTER** is before the Court on an initial review of Plaintiff's pro se complaint, which is filed pursuant to 42 U.S.C. § 1983. For the reasons that follow, Plaintiff's complaint will be dismissed.

1

# I. BACKGROUND

In his complaint, Plaintiff alleges the following:

> On April 17, 2014, Dee Dee Rominger filed false arrest charges on me for a crime I never did. False arrest and on July 22, 2014, Jaska H. Rominger also filed false charges on me with false arrest because I am beating the false charges against me they can't stand it. And trying to figure out what to come up with next. And also these captains are making fun of me, and my literally slanderous FAT JOKES and everything. On July 13, 2014, Berry Berry, Chad Slagle and Keri Triplett falsely removed my children . . . and my wife's son (my stepson) out of my mother in laws home For No reason. And we still haven't been able to get them back yet and still fighting to get them back. I'll fight for our little kids forever and for my wife to. I love and miss them so much. Len D. Hagaman know his captains falsely charged me but won't do nothing about it. And also Tom Hughes . . Jessica Winebarger are involved with other D.S.S. people along with Stacy Eggers, IV also. There was absolutely no reason for our children to be removed and put in foster care. And we want our precious little children back. And something needs to be done with these same defendants because we are not the only victims of these defendants. And I wish they could be investigated. I know there is a lot of corruption going on through these people They are black marketing children. There was no abuse, neglect or anything towards any of our children and it is being told that Watauga County black markets children. Watauga County D.S.S. and Watauga County Sheriff's Dept. and Watauga County Court System does.

(5:15-cv-00085, Doc. No. 1: Compl. at 4-5).[1]

Among his claims for relief, Plaintiff seeks an order releasing his children as well as monetary damages for mental and physical suffering. Plaintiff also moves that the defendants be "terminated once and for all" and he wants a public apology." (Id. at 5).

---

[1] Although Plaintiff has not identified what charges are pending against him in Watauga County, a search of the website of the North Carolina Administrative Office of the Courts shows the following charges pending in Watauga County that were filed against a "Robert H. Johnson" by a "D. Rominger" and an "A. Rominger: three counts each of felony first-degree offense with a child; felony sex offense – parental role; and felony indecent liberties with a child.

## II. STANDARD OF REVIEW

District courts are required to review a complaint under Section 1983 when a prisoner "seeks redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a). The statute further provides that "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint—(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." § 1915A(b)(1) & (2).

In conducting this review, the Court must determine whether the complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327–28 (1989). While a pro se complaint must be construed liberally, Haines v. Kerner, 404 U.S. 519, 520 (1972), this requirement of liberal construction will not permit a district court to ignore a clear failure to allege facts in the complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387, 391 (4th Cir. 1990). Further, the Court is "not bound to accept as true a legal conclusion couched as a factual allegation." Papasan v. Allain, 478 U.S. 265, 286 (1986).

## III. DISCUSSION

For the following reasons, the Court will dismiss this entire action without prejudice.[2] First, to the extent that Plaintiff is challenging actions regarding child custody matters, "federal courts are courts of limited jurisdiction and generally abstain from hearing child custody matters" because matters of domestic relations are generally within the province of "the state courts which have the

---

[2] To the extent that Plaintiff objects to the lodging of "Slanderous Fat Jokes," the Court finds that this claim does not present a violation of a federally protected right.

experience to deal with this specific area of the law." Cantor v. Cohen, 442 F.3d 196, 202 (4th Cir. 2006) (citing Cole v. Cole, 633 F.2d 1083, 1087 (4th Cir. 1980). The Court further notes that, to the extent that Plaintiff is complaining about any pending actions in the North Carolina state courts regarding termination of parental rights, dismissal is also appropriate under the Younger abstention doctrine, which provides that abstention is proper in federal court when (1) there is an ongoing state court proceeding; (2) the proceeding implicates important state interests; and (3) the plaintiff has an adequate opportunity to present the federal claims in the state proceeding. Emp'rs Res. Mgmt. Co., Inc. v. Shannon, 65 F.3d 1126, 1134 (4th Cir. 1995) (citing Younger v. Harris, 401 U.S. 37 (1971)). Younger abstention is also appropriate to the extent that Plaintiff is complaining about any pending state criminal charges against him as it appears some or all of the charges have not yet been adjudicated, and Plaintiff has made no such showing that the state court is incapable of adjudicating alleged violations of state criminal laws.

## IV. CONCLUSION

For the reasons stated herein, the Court finds that Plaintiff has failed to state a claim for relief and the complaint will be dismissed. 28 U.S.C. § 1915A(b)(1).

**IT IS, THEREFORE**, **ORDERED** that Plaintiff's Application to Proceed *in forma pauperis* is **GRANTED** for the purpose of this initial review. (Doc. No. 2).

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED** without prejudice. (Doc. No. 1).

The Clerk of Court is respectfully directed to close this civil case.

Signed: July 2, 2015

Frank D. Whitney
Chief United States District Judge

4